1
2
3
4
5
6
7
8                                  UNITED STATES DISTRICT COURT
9                                  EASTERN DISTRICT OF CALIFORNIA
10

11  DEMAREALE TURNER,                          )  Case No.: 1:16-cv-01643-SAB (PC)
                                                )
12              Plaintiff,                      )
                                                )  ORDER DENYING, WITHOUT PREJUDICE,
13          v.                                  )  PLAINTIFF'S MOTION FOR APPOINTMENT
                                                )  OF COUNSEL
14  ADMINISTRATIVE SECURITY                     )
    PERSONELL, et al.,                          )  [ECF No. 3]
15                                              )
                Defendants.                     )
16                                              )
                                                )
17                                              )

18      Plaintiff Edwin Garcia is appearing pro se and in forma pauperis in this civil rights action
19  pursuant to 42 U.S.C. § 1983.
20      Currently before the Court is Plaintiff's motion for appointment of counsel, filed October 31,
21  2016. Plaintiff seeks the appointment of counsel because he is a participant in the mental health
22  program and needs assistance in litigating this action.
23      Plaintiff does not have a constitutional right to appointed counsel in this action, Rand v.
24  Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), and the court cannot require any attorney to represent
25  plaintiff pursuant to 28 U.S.C. § 1915(e)(1). Mallard v. United States District Court for the Southern
26  District of Iowa, 490 U.S. 296, 298 (1989). However, in certain exceptional circumstances the court
27  may request the voluntary assistance of counsel pursuant to section 1915(e)(1). Rand, 113 F.3d at
28  1525.

                                                1

Without a reasonable method of securing and compensating counsel, the court will seek volunteer counsel only in the most serious and exceptional cases. In determining whether "exceptional circumstances exist, the district court must evaluate both the likelihood of success on the merits [and] the ability of the [plaintiff] to articulate his claims pro se in light of the complexity of the legal issues involved." Id. (internal quotation marks and citations omitted).

The test for exceptional circumstances requires the Court to evaluate the Plaintiff's likelihood of success on the merits and the ability of the Plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. See Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986); Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983). Circumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that would warrant a request for voluntary assistance of counsel. Furthermore, participation in the mental health program, alone, does not present exceptional circumstances. In the present case, the Court has yet to screen Plaintiff's complaint and based on a cursory review of the complaint, the Court does not find the required exceptional circumstances. Accordingly, Plaintiff's motion for appointment of counsel will be DENIED without prejudice.

IT IS SO ORDERED.

Dated:   **November 4, 2016**

UNITED STATES MAGISTRATE JUDGE