# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEMAREALE TURNER,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>ADMINISTRATIVE SECURITY PERSONNEL, et al.,<br><br>　　　　Defendants. | Case No.: 1:16-cv-01643-SAB (PC)<br><br>ORDER DENYING, WITHOUT PREJUDICE, PLAINTIFF'S SECOND MOTION FOR APPOINTMENT OF COUNSEL<br><br>[ECF No. 20] |

　　　　Plaintiff Demareale Turner is appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff consented to United States Magistrate Judge jurisdiction on November 30, 2016. 28 U.S.C. § 636(c).

　　　　Currently before the Court is Plaintiff's second motion for appointment of counsel, filed July 5, 2017. (ECF No. 20.)

　　　　As Plaintiff has been previously informed, he does not have a constitutional right to appointed counsel in this action, Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), and the court cannot require any attorney to represent plaintiff pursuant to 28 U.S.C. § 1915(e)(1), Mallard v. United States District Court for the Southern District of Iowa, 490 U.S. 296, 298 (1989). However, in certain exceptional circumstances the court may request the voluntary assistance of counsel pursuant to section 1915(e)(1). Rand, 113 F.3d at 1525.

Without a reasonable method of securing and compensating counsel, the court will seek volunteer counsel only in the most serious and exceptional cases. In determining whether "exceptional circumstances exist, the district court must evaluate both the likelihood of success on the merits [and] the ability of the [plaintiff] to articulate his claims pro se in light of the complexity of the legal issues involved." Id. (internal quotation marks and citations omitted).

The test for exceptional circumstances requires the Court to evaluate the Plaintiff's likelihood of success on the merits and the ability of the Plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. See Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986); Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983). Circumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that would warrant a request for voluntary assistance of counsel.

In the present case, Plaintiff has been found to state cognizable claims for excessive force, and service of process is underway. At this early stage, the Court cannot find a likelihood of success on the merits. The record does not reflect that Plaintiff is unable to articulate his claims, which are not complex. The Court has considered Plaintiff's arguments that counsel would better help him at trial, negotiating settlements and with discovery matters, but does not find this shows any extraordinary circumstances warranting the search for counsel to appoint here.

Accordingly, Plaintiff's motion for appointment of counsel will be DENIED without prejudice.

IT IS SO ORDERED.

Dated:   **July 10, 2017**

UNITED STATES MAGISTRATE JUDGE