# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEMAREALE TURNER,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>ADMINISTRATIVE SECURITY PERSONELL, et al.,<br><br>　　　　Defendants. | Case No.: 1:16-cv-01643-SAB (PC)<br><br>ORDER GRANTING DEFENDANTS' MOTION TO STAY DISCOVERY PENDING RESOLUTION OF EXHAUSTION RELATED MOTION FOR SUMMARY JUDGMENT<br><br>[ECF No. 27] |

　　Plaintiff Edwin Garcia is appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

　　This action is proceeding against Defendants Hernandez and Robles for excessive force in violation of the Eighth Amendment.

　　On July 21, 2017, Defendants filed an answer to Plaintiff's complaint. On July 25, 2017, the Court issued the discovery and scheduling order.

　　On August 15, 2017, Defendants filed an exhaustion related motion for summary judgment.

　　On August 18, 2017, Defendants filed a motion to stay discovery pending resolution of their exhaustion related motion for summary judgment. Plaintiff filed an opposition on August 28, 2017, and Defendants did not file a reply.

///

1

The Court is vested with broad discretion to manage discovery. Dichter-Mad Family Partners, LLP v. U.S., 709 F.3d 749, 751 (9th Cir. 2013) (per curiam); Hunt, 672 F.3d at 616; Surfvivor Media, Inc. v. Survivor Prods., 406 F.3d 625, 635 (9th Cir. 2005); Hallett v. Morgan, 296 F.3d 732, 751 (9th Cir. 2002). Pursuant to Rule 26(c)(1), the Court may, for good cause, issue a protective order forbidding or limiting discovery. The avoidance of undue burden or expense is grounds for the issuance of a protective order, Fed. R. Civ. P. 26(c), and a stay of discovery pending resolution of potentially dispositive issues furthers the goal of efficiency for the courts and the litigants, Little v. City of Seattle, 863 F.2d 681, 685 (9th Cir. 1988) (stay of discovery pending resolution of immunity issue). The propriety of delaying discovery on the merits of the plaintiff's claims pending resolution of an exhaustion motion was explicitly recognized by the Ninth Circuit. Albino v. Baca, 747 F.3d 1162, 1170-71 (9th Cir. 2014) (en banc), cert. denied, 135 S.Ct. 403 (2014); see also Gibbs v. Carson, No. C-13-0860 THE (PR), 2014 WL 172187, at *2-3 (N.D. Cal. Jan. 15, 2014).

The failure to exhaust is an affirmative defense, and Defendants are entitled to judgment on Plaintiff's claims against them if the Court determines the claims are unexhausted. Albino, 747 F.3d at 1166. Thus, the pending exhaustion motion has the potential to bring final resolution to this action, obviating the need for merits-based discovery. Gibbs, 2014 WL 172187, at *3. In Albino, the Ninth Circuit recognized that "[e]xhaustion should be decided, if feasible, before reaching the merits of a prisoner's claims," and "discovery directed to the merits of the suit" should be left until later. Albino, 747 F.3d at 1170. To the extent that the non-moving party needs specific discovery to address issues raised in a dispositive motion, the non-moving party is entitled to seek redress. Fed. R. Civ. P. 56(d); Albino, 747 F.3d at 1170-71; Wyatt v. Terhune, 315 F.3d 1108, 1115 n.7 (9th Cir. 2003) (overruled on other grounds by Albino, 747 F.3d at 1168-69). Here, however, Plaintiff's opposition makes no showing that in order to oppose the exhaustion motion, he needs specific discovery that (1) is relevant to the issue of exhaustion and (2) he reasonably believes exists.[1] To the contrary, Plaintiff's

---

[1] Rule 56(d) provides that "[i]f a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may: (1) defer considering the motion or deny it; (2) allow time to obtain affidavits or declarations or to take discovery; or (3) issue any other appropriate order." Fed. R. Civ. P. 56(d). In seeking relief under Rule 56(d), Plaintiff bears the burden of specifically identifying relevant information, where there is some basis for believing that the information actually exists, and demonstrating that the evidence sought actually exists and that

opposition merely evidences a blanket desire to engage in full merits-based discovery. The mere desire to continue with discovery does not suffice to avert the issuance of a protective order pending resolution of a dispositive motion raising the issue of exhaustion. Therefore, Defendants are entitled to the stay of discovery they seek. Accordingly, in the absence of any actual prejudice to Plaintiff and good cause having been shown, Defendants' motion for a protective order shielding them from discovery pending resolution of their exhaustion motion is HEREBY GRANTED and discovery is STAYED.[2] Fed. R. Civ. P. 26(c); Albino, 747 F.3d at 1170-71.

IT IS SO ORDERED.

Dated: **September 8, 2017**

_____
UNITED STATES MAGISTRATE JUDGE

---

it would prevent summary judgment. Blough v. Holland Realty, Inc., 574 F.3d 1084, 1091 n.5 (9th Cir. 2009) (quotation marks and citation omitted); Getz v. Boeing Co., 654 F.3d 852, 867-68 (9th Cir. 2011); Tatum v. City and Cnty. of San Francisco, 441 F.3d 1090, 1100-01 (9th Cir. 2006).

[2] If Defendants' motion for summary judgment is denied, the Court will issue an amended scheduling order. (ECF No. 24.)