| | |
|---|---|
| | |

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEMAREALE TURNER,<br><br>    Plaintiff,<br><br>v.<br><br>ADMINISTRATIVE SECURITY PERSONELL, et al.,<br><br>    Defendants. | Case No.: 1:16-cv-01643-DAD-SAB (PC)<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION BE DENIED<br><br>[ECF No. 26] |

Plaintiff Edwin Garcia is appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

Currently before the Court is Plaintiff's motion for a preliminary injunction, filed August 17, 2017. Defendants filed an opposition on September 6, 2017, and Plaintiff filed a reply on September 20, 2017.

**I.**

**DISCUSSION**

A preliminary injunction should not issue unless necessary to prevent threatened injury that would impair the court's ability to grant effective relief in a pending action. "A preliminary injunction … is not a preliminary adjudication on the merits but rather a device for preserving the status quo and preventing the irreparable loss of right before judgment." Sierra On-Line, Inc. v. Phoenix Software,

1

Inc., 739 F.2d 1415, 1422 (9th Cir. 1984). A preliminary injunction represents the exercise of a far reaching power not to be indulged except in a case clearly warranting it. Dymo Indus. V. Tapeprinter, Inc., 326 F.2d 141, 143 (9th Cir. 1964). "The proper legal standard for preliminary injunctive relief requires a party to demonstrate 'that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest.'" Stormans, Inc., v. Selecky, 586 F.3d 1109, 1127 (9th Cir. 2009), quoting Winter v. Natural Res. Def. Council, Inc., 555 U.S. 7 (2008). In cases brought by prisoners involving conditions of confinement, any preliminary injunction "must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct the harm." 18 U.S.C. § 3626(a)(2).

This action is proceeding against Defendants Robles and Hernandez for excessive force in violation of the Eighth Amendment. In the instant motion, Plaintiff claims that on September 1, 2016, Defendant Hernandez charged him with a disciplinary violation for conspiring to distribute a controlled substance, despite the fact that Plaintiff had already been charged with a disciplinary violation eight months prior to conduct arising out of the same underlying incident, which was dismissed. Plaintiff's motion for injunctive relief must be denied for the following reasons.

First, Plaintiff has not and cannot demonstrate that the issuance of any disciplinary actions were in retaliation for the filing of the instant action because they predate the filing of this action. (ECF No. 1.) Second, because Plaintiff is no longer housed at the institution where Defendant Hernandez is employed and where the incident took place, any claim for injunctive relief is moot. See Preiser v. Newkirk, 422 U.S. 395, 402-03 (1975) (noting that a prisoner's transfer to another prison may render a request for injunctive relief moot absent evidence of an expectation of moving back).[1] In addition, Plaintiff's request for a "preliminary injunction to stop all retaliation" is too broad. See Price v. City of Stockton, 390 F.3d 1105, 1117 (9th Cir. 2004) (explaining that a preliminary injunction must be narrowly tailored to affect the persons over whom it pertains, and must remedy identifiable harms, rather than all possible breaches of the law). Lastly, Plaintiff's claim that Defendant

---

[1] The allegations at issue in this action took place while Plaintiff was housed at Kern Valley State Prison, whereas Plaintiff is now housed at Salinas Valley State Prison.

Hernandez issued disciplinary charges against him based on a retaliatory motive is a separate and distinct claim from the excessive force claim in this action and must be brought by way of filing a separate action. Thus, Plaintiff cannot seek relief for such retaliation claim by way of filing a preliminary injunction in this action. See Pac. Radiation Oncology, LLC v. Queen's Med. Ctr., 810 F.3d 631, 636 (9th Cir. 2015) (holding "that there must be a relationship between the injury claimed in the motion for injunctive relief and the claims set forth in the complaint itself.") (citing Devose v. Herrington, 42 F.3d 470, 471 (8th Cir. 1994) (denying a prisoner's motion for injunctive relief regarding alleged retaliation, because the alleged retaliation was separate and distinct from the underlying conduct challenged in the § 1983 action].) Accordingly, Plaintiff's motion for a preliminary injunction must be denied.

This Findings and Recommendation will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within **thirty (30) days** after being served with this Findings and Recommendation, the parties may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **September 21, 2017**

UNITED STATES MAGISTRATE JUDGE