# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEMAREALE TURNER,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>ADMINISTRATIVE SECURITY PERSONELL, et al.,<br><br>　　　　Defendants. | Case No.: 1:16-cv-01643-DAD-SAB (PC)<br><br>FINDINGS AND RECOMMENDATIONS REGARDING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT FOR FAILURE TO EXHAUST THE ADMINISTRATIVE REMEDIES<br><br>[ECF No. 25] |

Plaintiff Demareale Turner is appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

Currently before the Court is Defendants' motion for summary judgment for failure to exhaust the administrative remedies, filed August 15, 2017.

**I.**

**RELEVANT HISTORY**

This action is proceeding against Defendants Robles and Hernandez for excessive force in violation of the Eighth Amendment.

On July 21, 2017, Defendants filed an answer to the complaint. On July 25, 2017, the Court issued the discovery and scheduling order.

As stated above, on August 15, 2017, Defendants filed a motion for summary judgment for failure to exhaust the administrative remedies. Plaintiff filed an opposition on September 11, 2017, and Defendants filed a reply on September 18, 2017. On September 25, 2017, Plaintiff filed a surreply.[1]

## II.

## LEGAL STANDARD

### A.  Statutory Exhaustion Requirement

The Prison Litigation Reform Act (PLRA) of 1995, requires that prisoners exhaust "such administrative remedies as are available" before commencing a suit challenging prison conditions." 42 U.S.C. § 1997e(a); see Ross v. Blake, __ U.S. __ 136 S.Ct. 1850 (June 6, 2016) ("An inmate need exhaust only such administrative remedies that are 'available.'"). Exhaustion is mandatory unless unavailable. "The obligation to exhaust 'available' remedies persists as long as *some* remedy remains 'available.' Once that is no longer the case, then there are no 'remedies … available,' and the prisoner need not further pursue the grievance." Brown v. Valoff, 422 F.3d 926, 935 (9th Cir. 2005) (emphasis in original) (citing Booth v. Churner, 532 U.S. 731, 739 (2001)).

This statutory exhaustion requirement applies to all inmate suits about prison life, Porter v. Nussle, 534 U.S. 516, 532 (2002) (quotation marks omitted), regardless of the relief sought by the prisoner or the relief offered by the process, Booth v. Churner, 532 U.S. 731, 741 (2001), and unexhausted claims may not be brought to court, Jones v. Bock, 549 U.S. 199, 211 (2007) (citing Porter, 534 U.S. at 524).

///

---

[1] Parties do not have the right to file surreplies and motions are deemed submitted when the time to reply has expired. Local Rule 230(*l*). The Court generally views motions for leave to file a surreply with disfavor. Hill v. England, No. CVF05869 REC TAG, 2005 WL 3031136, at *1 (E.D. Cal. 2005) (citing Fedrick v. Mercedes-Benz USA, LLC, 366 F.Supp.2d 1190, 1197 (N.D. Ga. 2005)). However, district courts have the discretion to either permit or preclude a surreply. See U.S. ex rel. Meyer v. Horizon Health Corp., 565 F.3d 1195, 1203 (9th Cir. 2009) (district court did not abuse discretion in refusing to permit "inequitable surreply"); JG v. Douglas County School Dist., 552 F.3d 786, 803 n.14 (9th Cir. 2008) (district court did not abuse discretion in denying leave to file surreply where it did not consider new evidence in reply); Provenz v. Miller, 102 F.3d 1478, 1483 (9th Cir. 1996) (new evidence in reply may not be considered without giving the non-movant an opportunity to respond). Although Plaintiff does not have a right to file a surreply, in this instance the Court will exercise its discretion and consider the sur-reply in ruling on Defendants' motion for summary judgment. Accordingly, Defendants' motion to strike the filing of the surreply should be denied.

The failure to exhaust is an affirmative defense, and the defendants bear the burden of raising and proving the absence of exhaustion. Jones, 549 U.S. at 216; Albino, 747 F.3d at 1166. "In the rare event that a failure to exhaust is clear from the face of the complaint, a defendant may move for dismissal under Rule 12(b)(6)." Albino, 747 F.3d at 1166. Otherwise, the defendants must produce evidence proving the failure to exhaust, and they are entitled to summary judgment under Rule 56 only if the undisputed evidence, viewed in the light most favorable to the plaintiff, shows he failed to exhaust. Id.

### B. Summary Judgment Standard

Any party may move for summary judgment, and the Court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a) (quotation marks omitted); Albino, 747 F.3d at 1166; Washington Mut. Inc. v. U.S., 636 F.3d 1207, 1216 (9th Cir. 2011). Each party's position, whether it be that a fact is disputed or undisputed, must be supported by (1) citing to particular parts of materials in the record, including but not limited to depositions, documents, declarations, or discovery; or (2) showing that the materials cited do not establish the presence or absence of a genuine dispute or that the opposing party cannot produce admissible evidence to support the fact. Fed. R. Civ. P. 56(c)(1) (quotation marks omitted). The Court may consider other materials in the record not cited to by the parties, although it is not required to do so. Fed. R. Civ. P. 56(c)(3); Carmen v. San Francisco Unified Sch. Dist., 237 F.3d 1026, 1031 (9th Cir. 2001); accord Simmons v. Navajo Cnty., Ariz., 609 F.3d 1011, 1017 (9th Cir. 2010).

The defendants bear the burden of proof in moving for summary judgment for failure to exhaust, Albino, 747 F.3d at 1166, and they must "prove that there was an available administrative remedy, and that the prisoner did not exhaust that available remedy," id. at 1172. If the defendants carry their burden, the burden of production shifts to the plaintiff "to come forward with evidence showing that there is something in his particular case that made the existing and generally available administrative remedies effectively unavailable to him." Id. "If the undisputed evidence viewed in the light most favorable to the prisoner shows a failure to exhaust, a defendant is entitled to summary judgment under Rule 56." Id. at 1166. However, "[i]f material facts are disputed, summary judgment

3

should be denied, and the district judge rather than a jury should determine the facts." Id.

## III.

## DISCUSSION

### A. Description of CDCR's Administrative Remedy Process

Plaintiff is a state prisoner in the custody of the California Department of Corrections and Rehabilitation ("CDCR"), and CDCR has an administrative remedy process for inmate grievances. Cal. Code Regs. tit. 15, § 3084.1 (2014). Compliance with section 1997e(a) is mandatory and state prisoners are required to exhaust CDCR's administrative remedy process prior to filing suit in federal court. Woodford v. Ngo, 548 U.S. 81, 85-86 (2006); Sapp v. Kimbrell, 623 F.3d 813, 818 (9th Cir. 2010). CDCR's administrative grievance process for non-medical appeals consists of three levels of review: (1) first level formal written appeals; (2) second level appeal to the Warden or designees; and (3) third level appeal to the Office of Appeals (OOA). Inmates are required to submit appeals on a standardized form (CDCR Form 602), attach necessary supporting documentation, and submit the appeal within thirty days of the disputed event. Cal. Code Regs. tit. 15, §§ 3084.2, 3084.3(a), 3084.8(b). The California Code of Regulations also requires the following:

> The inmate or parolee shall list all staff member(s) involved and shall describe their involvement in the issue. To assist in the identification of staff members, the inmate or parolee shall include the staff member's last name, first initial, title or position, if known, and the dates of the staff member's involvement in the issue under appeal. If the inmate or parolee does not have the requested identifying information about the staff member(s), he or she shall provide any other available information that would assist the appeals coordinator in making a reasonable attempt to identify the staff member(s) in question.

Cal. Code Regs. tit. 15, § 3084.2(a)(3).

### B. Summary of Allegations Underlying Plaintiff's Constitutional Claims

On Saturday, January 9, 2016, Plaintiff, along with his cellmate Hill, were confined to their cell and were engaging in the exercise of their religious practices. At approximately 0732 hours, correctional officers Robles and Hernandez approached their cell stating, "Get the fuck down motherfucker." Without any further promoting, delay or hesitation, Hernandez began administering chemical restraints for a prolonged period of time.

4

Correctional officer Legaspi opened the cell door allowing the chemical agent to be administered. Plaintiff was placed in "a submissive lock, one knee was placed in the center of [his] back, while the other knee rested on [his] outer back thigh, and it appeared to be a forearm positioned on my neck." Plaintiff was experiencing difficulties breathing, decrease in circulation of blood flow and his heart rated dropped causing him to feel on the brink of death. Officer Hernandez applied extreme pressure and force showing him further into the concrete floor causing Plaintiff to lose consciousness. When he awake, Plaintiff was unreasonable forced to his feet then escorted by officer Robles. Robles elevated Plaintiff's arms and his hands were physically restrained by handcuffs that were unreasonably tight around his wrists, restricting the circulation of blood flow. Both of Plaintiff's hands grew completely numb causing him to lose any sense of feeling, while Robles was simultaneously applying an unreasonable amount of force to the back of his neck causing unbearable pain.

Although Plaintiff was escorted by Robles to the shower area, he never received a decontamination shower. Officer Hernandez entered the shower area alone, and he forcibly turned Plaintiff around placing him in a compromising position. He then yanked down Plaintiff garments and trousers and forcibly spread his buttocks probing his anal area with a cellphone.

After the intrusion, Plaintiff was escorted to the program office where he made contact with sergeant W. Sullivan and before securing Plaintiff in a holding cell he refused to comply with the officer's orders to conduct an unclothed body search. Plaintiff also refused to open his mouth as directed by the officer.

On January 12, 2016, Plaintiff began experiencing depression. Days later, Plaintiff had to go on crisis bed/watch because he was experiencing suicidal thoughts.

On January 13, 2016, Plaintiff submitted an emergency inmate appeal alleging the use of excessive force and sexual misconduct.

On January 17, 2016, Plaintiff received a visit from his wife and he told her about the incident on January 9, 2016.

///

///

On January 19, 2016, Plaintiff's wife called the Kern Valley State Prison program office because she was concerned about Plaintiff's welfare regarding the incident of excessive force and sexual misconduct, and the information was relayed to the investigative services unit.

On January 20, 2016, Plaintiff was seen by Dr. Camaco of the mental health department, and on January 21, 2016, Plaintiff was transferred to the mental health crisis bed.

On February 2, 2016, Plaintiff received legal mail which had been unreasonable ransacked and searched outside of his presence. Plaintiff believes this action was an indirect message sent by prison officials that he can be touched for alleging officer's misconduct. Plaintiff perceived this as an immediate threat and filed an emergency inmate appeal on February 3, 2016.

On February 4, 2016, Plaintiff was transferred to California State Prison, LAC enhanced outpatient program to receive mental health treatment.

On February 23, 2016, Plaintiff submitted a claim to the internal affairs office. On this same date, a video interview was conducted regarding the alleged use of excessive force and sexual misconduct.

On February 28, 2016, Plaintiff's submitted a claim to the Victim's Advocate.

**C.     Defendants' Statement of Undisputed Facts**

1.     During all times relevant to the complaint, Plaintiff Demareale James Turner (K-53249) was an inmate in the custody of the California Department of Corrections and Rehabilitation (CDCR), incarcerated at Kern Valley State Prison (KVSP). (Pl.'s Compl., ECF No. 1 at 2; Decl. of C. Gonzales, ¶ 5.)

2.     During all times relevant to the complaint, Defendants Robles and Hernandez were employed by CDCR as correctional officers at KVSP. (Pl.'s Compl., ECF No. 1 at 2.)

3.     Plaintiff claims that Defendants used excessive force against him during a cell search at KVSP on January 9, 2016. (Pl.'s Compl., ECF No. 1 at 7-14.)

4.     All CDCR institutions, including KVSP, have an administrative grievance process for grieving issues that affect inmates. The grievance process contains three levels of review. (Decl. of C. Gonzales, ¶ 2; Decl. of M. Voong, ¶¶ 1-3; see also Cal. Code Regs. tit. 15, §§ 3084 et seq. (2016);

see also Pl.'s Compl., ECF No. 1 at 2 ("Is there a grievance procedure available at your institution?" Yes  X ").

     5.     Plaintiff submitted Appeal No. KVSP-O-16-00209 on or about January 13, 2016. (Decl. of C. Gonzales, ¶ 8; see also Pl.'s Compl., ECF No. 1 at 73.)

     6.     In Appeal No. KVSP-O-16-00209, Plaintiff claimed that on January 9, 2016, he "was the victim of excessive force" by Officer Hernandez and Robles" at KVSP. (Decl. of C. Gonzales, ¶ 10; see also Decl. of M. Voong, ¶ 9; see also Pl.'s Compl., ECF No. 1 at 73.)

     7.     In the "Action requested" field, Plaintiff requested seven forms of relief: (1) to not be retaliated against by custody staff when his family comes to visit; (2) for Officer Hernandez to be investigated and criminally prosecuted for violation of Title 15, section 3401.5 (Employee Sexual Misconduct); (3) for Officer Robles to be investigated for not reporting the alleged sexual misconduct by Officer Hernandez; (4) for Officer Hernandez to be investigated for using excessive force, in violation of Title 15, section 3268 (Use of Force); (5) for Officer Robles to be investigated for not preventing Officer Hernandez's alleged excessive use of force, in violation of Title 15, section 3268; (6) to make a video statement; and (7) an emergency transfer to the California Health Care Facility (Stockton) or the California Medical Facility (Vacaville) for treatment for being a victim of sexual assault. (Decl. of C. Gonzales, ¶ 11.)

     8.     Because Appeal No. KVSP-O-16-00209 contained allegations of staff misconduct, it was categorized as a staff complaint and, pursuant to CDCR regulations, bypassed the first level of review. (Decl. of C. Gonzales, ¶ 12; see also Pl.'s Compl., ECF No. 1 at 73.)

     9.     On or about February 16, 2016, the second level of review partially granted Appeal No. KVSP-O-16-00209 insofar as the Investigative Services Unit (ISU) interviewed Plaintiff and other witnesses, an inquiry was conduct, and it was determined that staff did not violate CDCR policy. (Decl. of C. Gonzales, ¶ 13; see also Pl.'s Compl., ECF No. 1 at 70-71.)

     10.     The second level of review did not grant any of the other relief that Plaintiff had requested. (Decl. of C. Gonzales, ¶ 13.)

     11.     The second level response informed Plaintiff: "If you wish to appeal the decision and/or exhaust administrative remedies, you must submit your staff complaint appeal through all

levels of appeal review up to, and including, the Secretary's/Third Level of Review." (Decl. of C. Gonzales, ¶ 14; see also Pl.'s Compl., ECF No. 1 at 71.)

12. Plaintiff submitted Appeal No. KVSP-O-16-00209 to CDCR's Office of Appeals (OOA), which serves as the third level of review, on or about March 7, 2016. (Decl. of M. Voong, Ex. B at Voong.005 ("Date Submitted: 3-7-2016"); see also Pl.'s Compl., ECF No. 1 at 74.)

13. In Section F of the appeal, entitled, "If you are dissatisfied with the Second Level response," Plaintiff stated: that the second level of review did not complete "a full investigation"; that the second level of review did not conduct a video interview of inmate Turner the same day they took his statement; that staff failed to inform him of his "right to be represented by Victims Advocates"; that the investigation was a "cover up by the Kern Valley State Prison ISU to protect his friend ISU Officer Hernandez"; and that he requested five million dollars in punitive damages. (Decl. of M. Voong, ¶ 9.)

14. Appeal No. KVSP-O-16-00209 was first received by OOA on March 23, 2016. (Decl. of M. Voong, ¶ 10; see also Pl.'s Compl., ECF No. 1 at 73.)

15. On July 15, 2016, OOA rejected Appeal No. KVSP-O-16-00209 for: (1) improperly attaching additional pages that were not part of the original appeal; and (2) for failing to attach a CDCR Form 1858 – Rights and Responsibility Statement. (Decl. of M. Voong, ¶ 11; see also Pl.'s Compl., ECF No. 1 at 69.)

16. Under CDCR regulations, erroneous acceptance or processing of an appeal at a lower level of review does not preclude OOA from rejecting or cancelling the appeal. (Decl. of M. Voong, ¶ 14.)

17. Under CDCR regulations, inmates may only submit an appeal on a CDCR Form 602 Inmate/Parolee Appeal, and, if additional space is necessary, a CDCR Form 602-A – Inmate/Parolee Appeal Form Attachment. An inmate is limited to the space on the Form 602 and one Form 602-A, and may not attach additional documents unless otherwise permitted by the regulations. (Decl. of M. Voong, ¶ 12.)

///
///

18. CDCR regulations require that inmates sign and attach a Rights and Responsibility Statement to all inmate appeals that allege staff misconduct and that are categorized as a staff complaint. (Decl. of M. Voong, ¶ 13.)

19. The Rights and Responsibilities Statement is an important component of all staff complaint appeals, because it notifies the inmate of California Penal Code section 148.6, which makes it a misdemeanor to knowingly submit a false accusation against a peace officer. (Decl. of M. Voong, ¶ 15.)

20. Inmates who knowingly submit a false accusation against a peace officer may also be subject to administrative discipline through the institution's internal disciplinary process. (Decl. of M. Voong, ¶ 15.)

21. The Rights and Responsibilities Statement deters inmates from making false or frivolous allegations of staff misconduct. (Decl. of M. Voong, ¶ 16.)

22. False or frivolous staff complaints frustrate CDCR's ability to timely investigate and resolve allegations of staff misconduct. (Decl. of M. Voong, ¶¶ 17-18.)

23. OOA's July 5, 2016 rejection letter informed Plaintiff that he "should take the corrective action necessary and resubmit the appeal within the timeframes specified" under CDCR regulations. (Decl. of M. Voong, ¶ 19; see also Pl.'s Compl., ECF No. 1 at 69.)

24. Under CDCR regulations, an inmate has thirty days to correct and resubmit a rejected appeal. (Decl. of M. Voong, ¶ 21.)

25. The July 5, 2016 rejection letter for Appeal No. KVSP-O-16-00209 was mailed to Plaintiff on July 7, 2016. (Decl. of M. Voong, ¶ 20; see also Pl.'s Compl., ECF No. 1 at 69.)

26. Although Plaintiff did resubmit his corrected appeal, he did not do so until December 23, 2016. (Decl. of M. Voong, ¶ 22.)

27. OOA did not receive the corrected appeal until December 27, 2016—after Plaintiff filed the instant lawsuit. (Decl. of M. Voong, ¶ 22.)

28. On January 27, 2017, OOA cancelled Appeal No. KVSP-O-16-00209 for Plaintiff's failure to correct and return the rejected appeal within the thirty-day window. (Decl. of M. Voong, ¶ 23.)

29. The January 27, 2017 cancellation letter informed Plaintiff that he could file a separate appeal to challenge the cancellation. (Decl. of M. Voong, ¶ 24.)

30. OOA did not accept for review an appeal submitted by Plaintiff relative to the cancellation Appeal of No. KVSP-O-16-00209. (Decl. of M. Voong, ¶ 25.)

31. Plaintiff submitted Appeal No. KVSP-O-16-00521 on or about February 3, 2016. (Decl. of C. Gonzales, ¶ 15.)

32. Plaintiff claimed that on February 2, 2016, staff at California State Prison – Los Angeles County (CSP-LAC) had destroyed his legal mail in "retaliation for the excessive force and sexual assault claim [he] made against I.S.U. Officer Hernandez in KVSP." (Decl. of C. Gonzales, ¶ 17; Decl. of M. Voong, ¶ 26.)

33. In the Action requested field, Plaintiff requested: "a[n] Internal Affairs investigation"; charges brought against the officers; "to remain housed at CMF"; to have the rest of his property from KVSP inspected; and for the remainder of his property at KVSP to be forwarded to CMF. (Decl. of C. Gonzales, ¶ 18.)

34. Because Appeal No. KVSP-O-16-00521 contained allegations of staff misconduct, it was categorized as a staff complaint and, pursuant to CDCR regulations, bypassed the first level of review. (Decl. of C. Gonzales, ¶ 19.)

35. On or about March 21, 2016, the second level of review partially granted KVSP-O-16-00521 insofar as Plaintiff was interviewed, an inquiry was conducted, and it was determined that staff did not violate CDCR policy. (Decl. of C. Gonzales, ¶ 20.)

36. Plaintiff submitted Appeal No. KVSP-O-16-00521 to OOA on or about April 7, 2016. (Decl. of M. Voong, Ex. C at Voong.032 ("Date Submitted: 4-7-16".)

37. In Section F of the appeal, entitled, "If you are dissatisfied with the Second Level response," Plaintiff stated: "I still feel like this was a death threat, I[']m asking for punitive damages for P.D.S. also I will like to be housed at C.S.P. CMF where I feel safe." (Decl. of M. Voong, ¶ 27.)

38. OOA denied Appeal No. KVSP-O-16-00521 on June 3, 2016, exhausting Plaintiff's administrative remedies as to the February 6, 2016 incident of alleged retaliation. (Decl. of M. Voong, ¶ 29.)

**D. Findings on Defendants' Motion**

Defendants argue that Plaintiff failed to timely submit his grievance to the third level of review after it was rejected for failing to attach a necessary document. Furthermore, when he did resubmit his grievance, it was after he filed the instant action.

It is undisputed that KVSP has an administrative grievance process for grieving issues. (UDF 4.)[2] Plaintiff submitted three inmate appeals—Appeal Nos. KVSP-O-16-00209, KVSP-O-16-00521, and KVSP-O-16-03078.)

    1.    <u>Appeal No. KVSP-O-16-00209</u>

Plaintiff submitted Appeal No. KVSP-O-16-00209 on or about January 13, 2016. (UDF 5.) The appeal was received at the second level of review on January 19, 2016, and Plaintiff was interviewed this same date. (Decl. of C. Gonzales, Ex. B at Gonzales.005-006.) Plaintiff claimed that on January 9, 2016, he was sexually assaulted and relevant here that he "was the victim of excessive force" by Defendants Hernandez and Robles. (UDF 6.) In the "Action requested" portion, Plaintiff requested seven forms of relief: (1) to not be retaliated against by custody staff when his family comes to visit; (2) for Officer Hernandez to be investigated and criminally prosecuted for violation of Title 15, section 3401.5 (Employee Sexual Misconduct); (3) for Officer Robles to be investigated for not reporting the alleged sexual misconduct by Officer Hernandez; (4) for Officer Hernandez to be investigated for using excessive force, in violation of Title 15, section 3268 (Use of Force); (5) for Officer Robles to be investigated for not preventing Officer Hernandez's alleged excessive use of force, in violation of Title 15, section 3268; (6) to make a video statement; and (7) an emergency transfer to the California Health Care Facility (Stockton) or the California Medical Facility (Vacaville) for treatment for being a victim of sexual assault." (UDF 7.)

Because this appeal pertained to allegations of staff misconduct, it was categorized as a staff complaint and, pursuant to CDCR regulations, bypassed the first level of review. (UDF 8.) On or about February 16, 2016, the second level of review partially granted Appeal No. KVSP-O-16-00209 insofar as the Investigative Services Unit (ISU) interviewed Plaintiff and other witnesses, an inquiry

---

[2] "UDF" refers to the Statement of Undisputed Facts set forth above in section C.

11

was conduct, and it was determined that staff did not violate CDCR policy. (UDF 9.) The second level of review did not grant any of the other relief that Plaintiff had requested. (UDF 10.) The second level response informed Plaintiff: "If you wish to appeal the decision and/or exhaust administrative remedies, you must submit your staff complaint appeal through all levels of appeal review up to, and including, the Secretary's/Third Level of Review." (UDF 11.) On or about March 7, 2016, Plaintiff submitted this appeal to CDCR's OOA which serves as the third level of review. (UDF 12.) In section F of the appeal, Plaintiff stated: there was not a full investigation at the second level of review; there was no video interview of Plaintiff the same day his statement was taken; staff failed to inform him of his right to be represented by Victim's Advocates; the investigation was a cover up by the KVSP ISU to protect officer Hernandez; and Plaintiff sought five million dollars in punitive damages. (UDF 13.) The appeal was received by OOA on March 23, 2016. (UDF 14.)

On July 5, 2016, OOA rejected Appeal No. KVSP-O-16-00209 for: (1) improperly attaching additional pages that were not part of the original appeal; and (2) for failing to attach a CDCR Form 1858 – Rights and Responsibility Statement. (UDF 15.) Although the lower level of review could have also rejected the appeal for failing to attach the Rights and Responsibilities Statement, under CDCR regulations the erroneous acceptance or processing of an appeal at a lower level of review does not preclude OOA from rejecting or cancelling the appeal. (UDF 16.) The appeal was properly rejected because under CDCR regulations, an inmate is limited to the space on the Form 602 and one Form 602-A, and may not attach additional documents unless otherwise permitted by the regulations. (UDF 17.) Although the second level accepted Plaintiff's appeal as submitted, the "[e]rroneous acceptance of an appeal at a lower level does not preclude the next level of review from taking appropriate action, including rejection or cancellation of the appeal." Cal. Code Regs. tit. 15, § 3084.6(a)(5). Thus, the third level of review was allowed to reject Plaintiff's appeal for noncompliance with the appeal procedures. In addition, the appeal was properly rejected for Plaintiff's failure to sign and attach a Rights and Responsibility Statement to the appeal because it involved allegations of staff misconduct. (UDF 18.) An appeal may be rejected when "[t]he appeal is incomplete or necessary supporting documents are not attached." Cal. Code Regs. tit. 15, § 3084.3(c)(5). Plaintiff's refusal to sign and submit the Rights and Responsibilities statement prevented

review of his appeal. In his opposition, Plaintiff contends that because this appeal was an "Emergency Appeal" it did not need a Rights and Responsibilities Statement, making the third-level rejection of his grievance improper. Plaintiff is mistaken. Pursuant to CDCR regulations, "any appeal alleging misconduct by a departmental peace officer … shall be accompanied by the … Rights and Responsibility Statement." Cal. Code Regs. tit. 15, § 3084.9(i) (2016).

In any event, even assuming an emergency appeal did not require a Rights and Responsibility Statement, Plaintiff fails to establish that his grievance was categorized as an emergency appeal. Under CDCR regulations, the appeals coordinator determines whether emergency processing is warranted, and simply writing "emergency" on the grievance form does not unilaterally render the appeal to emergency processing. Cal. Code Regs. tit. 15, § 3084.9(a) (2016); see also Decl. of C. Gonzales, Ex. B at Gonzales.005, ECF No. 25-4 at 10.[3] As required by section 3084.9(a)(3), Plaintiff was notified that the appeal was being processed as a staff complaint. Cal. Code Regs. tit. 15, § 3084.9(a)(3). In this instance, Appeal No. KVSP-O-16-00209 clearly alleged staff misconduct, and was properly classified as a staff complaint which required a Rights and Responsibilities Statement.[4]

The July 5, 2016 rejection letter advised Plaintiff that he "should take the corrective action necessary and resubmit the appeal within the timeframes specified" under CDCR regulations, and Plaintiff had thirty days to resubmit the rejected appeal. (UDF 23, 24.) The July 15, 2016 letter was mailed to Plaintiff on July 7, 2016. (UDF 25.) Plaintiff did not timely resubmit his corrected grievance because it was resubmitted on December 23, 2016. Further, Plaintiff fails to explain why the third-level cancellation of the grievance for untimeliness was improper. Rather, Plaintiff contends that he did not receive a copy of the July 2016 letter until November 9, 2016. (Pl.'s Opp'n at 5, ¶ 20.)

---

[3] Plaintiff also argues that because his grievance contained allegations of sexual misconduct (in addition to excessive force), it automatically became an emergency appeal, citing section 3084.9(a)(5) of CDCR's regulations. (Pl.'s Opp'n at 11, ECF No. 33.) However, the regulation cited by Plaintiff was not promulgated until 2017, and therefore was not in effect in 2016, when Plaintiff's grievance was being processed. See Cal. Code Regs. tit. 15, § 3084.9(a) (2016) (subsections (a)(5)-(a)(5)(B)(7)-adding staff sexual misconduct appeals, and amendment of Note filed *10-20-2016*; operative *10-20-2016* pursuant to Government Code section 11343.4(b)(3) (Register 2016, No. 43).

[4] In the surreply, Plaintiff contends that the Inmate Appeals Office failed to follow California Code of Regulations, Title 15, section 3401.5, which deals with reporting of staff sexual misconduct. Section 3401.5 explicitly identifies the penalties for sexual misconduct by institutional employees and the consequences for failing to report such conduct. This section does not deal with the handling and/or processing of inmate grievances.

13

However, Plaintiff's claim is belied by the fact that Plaintiff attached the July 5, 2016 rejection letter to his complaint, which was filed in October 2016. (ECF No. 1 at 69.) Plaintiff therefore must have received the July 5, 2016 rejected letter no than October 20, 2016-the date he signed his complaint. (ECF No. 1 at 3.) In any event, even assuming that Plaintiff received the July 2016 letter on October 20, 2016, he fails to explain why he waited until December 23, 2016 (an additional two months) to resubmit his corrected appeal to the third level of review. (UDF 26; ECF No. 25-3 at 5.) Furthermore, Plaintiff fails to acknowledge the fact that the appeal was cancelled at the third level as untimely, nor does Plaintiff explain why he never appealed the cancellation decision despite being informed of the ability to do so.

Plaintiff contends that after the appeal was denied at the third level of review, he "knew at that time it was time to file a complaint in this court, because "KVSP and CDCR was [sic] not going to give Plaintiff the relief the Plaintiff was seeking and is still seeking." (ECF No. 33 at 14, ¶ 60.) However, the grievance was not denied on the merits by the third level review; rather, it was initially rejected because Plaintiff failed to attach a Rights and Responsibility Statement, and directed him to correct and resubmit it, but it was cancelled when Plaintiff failed to timely do so. (UDF Nos. 15, 23-29, ECF No. 25-3 at 4-5.) Plaintiff did not appeal the cancellation decision. (UDF 30.) Accordingly, Appeal No. KVSP-O-16-00209 did not serve to exhaust the administrative remedies for the claim in this action.

Furthermore, even if the Court found that Plaintiff exhausted the administrative remedies by way of Appeal No. KVSP-O-16-00209, the instant action is still subject to dismissal because exhaustion of the administrative remedies must occur prior to filing suit. See McKinney v. Carey, 311 F.3d 1198, 1200-01 (9th Cir. 2002) (an inmate must exhaust the available administrative remedies before he filed suit, and even if the inmate fully exhausts while the suit is pending the case is still subject to dismissal); Vaden v. Summerhill, 449 F.3d 1047, 1051 (9th Cir. 2006) (same).

2. Appeal No. KVSP-O-16-00521

Plaintiff's second grievance, Appeal No. KVSP-O-16-00521, does not serve to exhaust the administrative remedies, because it does not concern the issue presented in the complaint.

14

A grievance must provide enough information to alert the prison to the nature of the wrong for which redress is sought, and to allow prison officials to take appropriate responsive measures. Reyes v. Smith, 810 F.3d 654 (9th Cir. 2016).

In Appeal No. KVSP-O-16-00521, Plaintiff mentions Defendants and the January 9, 2016 incident at KVSP; however, the crux of the appeal is an alleged incident of retaliation involving different officers at a different institution. (UDF 32-33.) It is clearly not a duplicate of Appeal No. KVSP-O-16-00209 because when the KVSP's appeals office asked Plaintiff to clarify whether it was indeed a duplicate Plaintiff responded: "I[']m going to rewrite this [appeal] so you can understand what I[']m appealing[.] I hope this clears it up for you." (UDF 33, Decl. of C. Gonzales, Ex. C at Gonzales.018.) In responding to the appeal, the prison addressed only the alleged retaliation claim, and not the alleged excessive force claim by Defendants at KVSP. (Decl. of C. Gonzales, Ex. C at Gonzales.025.) Indeed, the second level response stated, in pertinent part, the following:

> You contend on February 2, 2016, after having been re-located from Kern Valley State Prison (KVSP) to California State Prison, Los Angeles County (CSP-LAC) you received a box of legal mail. At said time, when the box of legal mail was opened in your presence, you noticed the legal documents inside were "demolished." Furthermore, you contend you consider the damage done to your legal mail as a death threats [sic] for filing inmate appeals. All issues unrelated to the allegation of staff misconduct must be appealed separately and will not be addressed in this response.

(Decl. of C. Gonzales, Ex. C at Gonzales.025.) The appeal was thereafter denied at the third level of review on June 3, 2016. (UDF 38.) Because this appeal did not relate to the incident at issue in this case, it cannot and does not serve to exhaust the administrative remedies.

    3.    Appeal No. KVSP-O-16-03078

In his opposition, Plaintiff contends that Appeal No. KVSP-O-16-03078 exhausted his administrative remedies, and Defendants failed to mention such grievance thereby misleading the Court. Defendants respond that they did not address this appeal in their motion because it was not one of the two grievances identified by Plaintiff in his complaint.[5]

---

[5] In his complaint and attached exhibits, Plaintiff referenced Appeal Nos. KVSP-O-16-00209 and KVSP-O-16-00521 as the two appeals that exhausted his administrative remedies. (Compl., ECF No. 1 at 22-23, 69-89.) There was no mention of Appeal No. KVSP-O-16-03078.

15

Irrespective of whether this appeal was mentioned in Defendants' motion, it does not serve to exhaust the administrative remedies for the claim at issue in this action. This grievance does mention Defendant Hernandez, but it relates to a disciplinary violation regarding the underlying excessive force incident, not the actual use of force itself. (Pl.'s Opp'n at 17-23; ECF No. 25-3 at 6-7.) Furthermore, the appeal was cancelled at the third of level of review. (Pl.'s Opp'n at 7; ECF No. 25-3 at 6-7.) Accordingly, Appeal No. KVSP-O-16-03078 did not serve to exhaust Plaintiff's administrative remedies.

## IV.

## RECOMMENDATIONS

Based on the foregoing, it is HEREBY RECOMMENDED that:

1. Defendants' motion for summary judgment be granted; and

2. The instant action be dismissed, without prejudice, for failure to exhaust the administrative remedies.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within **thirty (30) days** after being served with these Findings and Recommendations, the parties may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **October 3, 2017**

UNITED STATES MAGISTRATE JUDGE