UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEMAREALE TURNER,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>ADMINISTRATIVE SECURITY PERSONELL, et al.,<br><br>　　　　Defendants. | Case No.: 1:16-cv-01643-DAD-SAB (PC)<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSAL OF CERTAIN CLAIMS AND DEFENDANTS<br><br>[ECF Nos. 1, 17] |

Plaintiff Demareale Turner is appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

Plaintiff consented to United States Magistrate Judge jurisdiction on November 30, 2016. (ECF No. 11.) To date, Defendants have not consented or declined to United State Magistrate Judge jurisdiction.

On April 17, 2017, the Court found that Plaintiff's complaint stated a cognizable claim for excessive force against Defendants Robles and Hernandez. (ECF No. 17.) The Court dismissed all other claims and Defendants from the action for failure to state a cognizable claim for relief. (Id.) The Court indicated that jurisdiction existed under 28 U.S.C. § 636(c) based on the fact that Plaintiff had consented to Magistrate Judge jurisdiction and no other parties had yet appeared. (Id.)

1

On November 9, 2017, the Ninth Circuit Court of Appeals ruled that 28 U.S.C. § 636(c)(1) requires the consent of all named plaintiffs and defendants, even those not served with process, before jurisdiction may vest in a Magistrate Judge to dispose of a civil case. Williams v. King, __ F.3d __, Case No. 15-15259, 2017 WL 5180205, *3 (9th Cir. Nov. 9, 2017). Accordingly, the Court did not have jurisdiction to dismiss the claims and Defendants in its April 17, 2017 order.

Based upon the foregoing, the undersigned will now recommend to the District Judge that this case continue to proceed only on Plaintiff's cognizable claims, and that the claims and Defendants described below be dismissed, for the reasons explained herein.

# I.

# SCREENING REQUIREMENT

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that "fails to state a claim on which relief may be granted," or that "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiff must demonstrate that each named defendant personally participated in the deprivation of his rights. Iqbal, 556 U.S. at 676-677; Simmons v. Navajo County, Ariz., 609 F.3d 1011, 1020-1021 (9th Cir. 2010).

Prisoners proceeding pro se in civil rights actions are still entitled to have their pleadings liberally construed and to have any doubt resolved in their favor, but the pleading standard is now higher, Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted), and to survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Serv., 572 F.3d 962, 969 (9th Cir. 2009). The "sheer

possibility that a defendant has acted unlawfully" is not sufficient, and "facts that are 'merely consistent with' a defendant's liability" falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

## II.

## COMPLAINT ALLEGATIONS

On Saturday, January 9, 2016, Plaintiff, along with his cellmate Hill, were confined to their cell and were engaging in the exercise of their religious practices. At approximately 0732 hours, correctional officers Robles and Hernandez approached their cell stating, "Get the fuck down motherfucker." Without any further promoting, delay or hesitation, Hernandez began administering chemical restraints for a prolonged period of time.

Correctional officer Legaspi opened the cell door allowing the chemical agent to be administered. Plaintiff was placed in "a submissive lock, one knee was placed in the center of [his] back, while the other knee rested on [his] outer back thigh, and it appeared to be a forearm positioned on my neck." Plaintiff was experiencing difficulties breathing, decrease in circulation of blood flow and his heart rated dropped causing him to feel on the brink of death. Officer Hernandez applied extreme pressure and force showing him further into the concrete floor causing Plaintiff to lose consciousness. When he awake, Plaintiff was unreasonable forced to his feet then escorted by officer Robles. Robles elevated Plaintiff's arms and his hands were physically restrained by handcuffs that were unreasonably tight around his wrists, restricting the circulation of blood flow. Both of Plaintiff's hands grew completely numb causing him to lose any sense of feeling, while Robles was simultaneously applying an unreasonable amount of force to the back of his neck causing unbearable pain.

Although Plaintiff was escorted by Robles to the shower area, he never received a decontamination shower. Officer Hernandez entered the shower area alone, and he forcibly turned Plaintiff around placing him in a compromising position. He then yanked down Plaintiff garments and trousers and forcibly spread his buttocks probing his anal area with a cellphone.

After the intrusion, Plaintiff was escorted to the program office where he made contact with sergeant W. Sullivan and before securing Plaintiff in a holding cell he refused to comply with the

officer's orders to conduct an unclothed body search. Plaintiff also refused to open his mouth as directed by the officer.

On January 12, 2016, Plaintiff began experiencing depression. Days later, Plaintiff had to go on crisis bed/watch because he was experiencing suicidal thoughts.

On January 13, 2016, Plaintiff submitted an emergency inmate appeal alleging the use of excessive force and sexual misconduct.

On January 17, 2016, Plaintiff received a visit from his wife and he told her about the incident on January 9, 2016.

On January 19, 2016, Plaintiff's wife called the Kern Valley State Prison program office because she was concerned about Plaintiff's welfare regarding the incident of excessive force and sexual misconduct, and the information was relayed to the investigative services unit.

On January 20, 2016, Plaintiff was seen by Dr. Camaco of the mental health department, and on January 21, 2016, Plaintiff was transferred to the mental health crisis bed.

On February 2, 2016, Plaintiff received legal mail which had been unreasonable ransacked and searched outside of his presence. Plaintiff believes this action was an indirect message sent by prison officials that he can be touched for alleging officer's misconduct. Plaintiff perceived this as an immediate threat and filed an emergency inmate appeal on February 3, 2016.

On February 4, 2016, Plaintiff was transferred to California State Prison, LAC enhanced outpatient program to receive mental health treatment.

On February 23, 2016, Plaintiff submitted a claim to the internal affairs office. On this same date, a video interview was conducted regarding the alleged use of excessive force and sexual misconduct.

On February 28, 2016, Plaintiff's submitted a claim to the Victim's Advocate.

///
///
///
///
///

# III.

# DISCUSSION

### A.     Excessive Force

The unnecessary and wanton infliction of pain violates the Cruel and Unusual Punishments Clause of the Eighth Amendment.  Hudson v. McMillian, 503 U.S. 1, 5 (1992) (citations omitted).  For claims arising out of the use of excessive physical force, the issue is "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." Wilkins v. Gaddy, 559 U.S. 34, 37 (2010) (per curiam) (citing Hudson, 503 U.S. at 7) (internal quotation marks omitted); Furnace v. Sullivan, 705 F.3d 1021, 1028 (9th Cir. 2013).  The objective component of an Eighth Amendment claim is contextual and responsive to contemporary standards of decency, Hudson, 503 U.S. at 8 (quotation marks and citation omitted), and although *de minimis* uses of force do not violate the Constitution, the malicious and sadistic use of force to cause harm always violates contemporary standards of decency, regardless of whether or not significant injury is evident, Wilkins, 559 U.S. at 37-8 (citing Hudson, 503 U.S. at 9-10) (quotation marks omitted); Oliver v. Keller, 289 F.3d 623, 628 (9th Cir. 2002).

Viewing Plaintiff's allegations liberally as this Court must, Plaintiff states a cognizable claim for excessive force against Defendants Robles and Hernandez.  However, Plaintiff does not state a cognizable claim against any of the other named Defendants.  The mere fact that officer Legaspi opened the cell door to allow Defendants Robles and Hernandez to enter Plaintiff's cell does not demonstrate active involvement in the alleged use of force.  Accordingly, Plaintiff states a cognizable claim for excessive force against Defendants Robles and Hernandez only.

### B.     Supervisory Liability

Plaintiff contends that sergeant W. Sullivan should have been present during the initial search to ensure the order and maintenance of safety and security.

Supervisory personnel may not be held liable under section 1983 for the actions of subordinate employees based on *respondeat superior*, or vicarious liability.  Crowley v. Bannister, 734 F.3d 967, 977 (9th Cir. 2013); accord Lemire v. California Dep't of Corr. and Rehab., 726 F.3d 1062, 1074-75 (9th Cir. 2013); Lacey v. Maricopa County, 693 F.3d 896, 915-16 (9th Cir. 2012) (en banc).  "A

supervisor may be liable only if (1) he or she is personally involved in the constitutional deprivation, or (2) there is a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation." Crowley, 734 F.3d at 977 (citing Snow, 681 F.3d at 989) (internal quotation marks omitted); accord Lemire, 726 F.3d at 1074-75; Lacey, 693 F.3d at 915-16. "Under the latter theory, supervisory liability exists even without overt personal participation in the offensive act if supervisory officials implement a policy so deficient that the policy itself is a repudiation of constitutional rights and is the moving force of a constitutional violation." Crowley, 734 F.3d at 977 (citing Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989)) (internal quotation marks omitted).

Plaintiff has not alleged sufficient factual allegations to give rise to a cognizable claim against Defendant sergeant W. Sullivan. The only basis for such a claim would be respondeat superior, which is precluded under section 1983. Accordingly, Plaintiff fails to state a cognizable claim against Defendant W. Sullivan.

### C. State Law Claims of Battery and Intentional Infliction of Emotional Distress

"A battery is any willful and unlawful use of force or violence upon the person of another." Cal. Penal Code § 240, 242 (West 2005); 5 B. E. Witkin, Summary of California Law, Torts § 346 (9th ed. 1988). For battery, a plaintiff must show that (1) the defendant intentionally did an act that resulted in harmful or offensive contact with the plaintiff's person; (2) the plaintiff did not consent to the contact; and (3) the contact caused injury, damage, loss, or harm to the plaintiff. Id. (citation and quotations omitted).

Under California law, the elements of intentional infliction of emotional distress are: (1) extreme and outrageous conduct by the defendant with the intention of causing, or reckless disregard of the probability of causing, emotional distress; (2) the plaintiff's suffering severe or extreme emotional distress; and (3) actual and proximate causation of the emotional distress by the defendant's outrageous conduct. Corales v. Bennett, 567 F.3d 554, 571 (9th Cir. 2009) (quotation marks omitted); Tekkle v. United States, 567 F.3d 554, 855 (9th Cir. 2007); Simo v. Union of Needletrades, Industrial & Textile Employees, 322 F.3d 602, 621-22 (9th Cir. 2003). Conduct is outrageous if it is so extreme as to exceed all bounds of that usually tolerated in a civilized community. Corales, 567 F.3d at 571; Tekkle, 511 F.3d at 855; Simo, 322 F.3d at 622.

Plaintiff alleges a claim under state law for battery and intentional infliction of emotional distress. However, the Government Claims Act requires exhaustion of those claims with the California Victim Compensation and Government Claims Board, and Plaintiff is required to specifically allege compliance in his complaint. Shirk v. Vista Unified Sch. Dist., 42 Cal.4th 201, 208-09 (Cal. 2007); State v. Superior Court of Kings Cnty. (Bodde), 32 Cal.4th 1234, 1239 (Cal. 2004); Mabe v. San Bernardino Cnty. Dep't of Pub. Soc. Servs., 237 F.3d 1101, 1111 (9th Cir. 2001); Mangold v. California Pub. Utils. Comm'n, 67 F.3d 1470, 1477 (9th Cir. 1995).

Plaintiff has not alleged compliance with the claims process and therefore cannot state a tort claim under California law.

### D. Violation of Title 15 of the California Code of Regulations

Plaintiff seeks to impose liability based on the violation of Title 15 prison regulations. However, there is no authority for the proposition that there exists a private right of action available to Plaintiff for violation of Title 15 regulations and there exist ample district court decisions holding to the contrary. Vasquez v. Tate, No. 1:10-cv-1876 JLT (PC), 2012 WL 6738167, at *9 (E.D. Cal. Dec. 28, 2012); Davis v. Powell, 901 F.Supp.2d 1196, 1211 (S.D. Cal. 2012); Meredith v. Overley, No. 1:12-cv-00455-MJS (PC), 2012 WL 3764029, at *4 (E.D. Cal. Aug. 29, 2012); Parra v. Hernandez, No. 08cv0191-H (CAB), 2009 WL 3818376, at *8 (S.D.Cal. Nov. 13, 2009); Davis v. Kissinger, No. CIV S-04-0878 GEB DAD P, 2009 WL 256574, at *12 n.4 (E.D.Cal. Feb. 3, 2009), *adopted in full*, 2009 WL 647350 (Mar. 10, 2009). Plaintiff's Title 15 claims shall be dismissed for failure to state a claim.

### E. Defendants Waddles, Chanelo, and Gaddis-Inmate Appeal Process

Although Plaintiff names Defendants Waddles, Chanelo and Gaddis as Defendants in the caption of his complaint, Plaintiff fails to state a cognizable claim against any of these individuals.

Section 1983 provides a cause of action for the violation of Plaintiff's constitutional or other federal rights by persons acting under color of state law. Nurre v. Whitehead, 580 F.3d 1087, 1092 (9th Cir 2009); Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006); Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). "Section 1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal rights elsewhere conferred." Crowley v. Nevada

ex rel. Nevada Sec'y of State, 678 F.3d 730, 734 (9th Cir. 2012) (citing Graham v. Connor, 490 U.S. 386, 393-94 (1989)) (internal quotation marks omitted). To state a claim, Plaintiff must allege facts demonstrating the existence of a link, or causal connection, between each defendant's actions or omissions and a violation of his federal rights. Lemire v. California Dep't of Corr. and Rehab., 726 F.3d 1062, 1074-75 (9th Cir. 2013); Starr v. Baca, 652 F.3d 1202, 1205-08 (9th Cir. 2011).

To the extent, Plaintiff seeks to hold these Defendants liable for their involvement in the appeals process, Plaintiff fails to state a cognizable claim for relief. "The Fourteenth Amendment's Due Process Clause protects persons against deprivations of life, liberty, or property; and those who seek to invoke its procedural protection must establish that one of these interests is at stake." Wilkinson v. Austin, 545 U.S. 209, 221 (2005). Plaintiff does not a have protected liberty interest in the processing his appeals, and therefore, he cannot pursue a claim for denial of due process with respect to the handling or resolution of his appeals. Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003) (citing Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988)).

Accordingly, Plaintiff fails to state a cognizable claim against Defendants Waddles, Chanelo, and Gaddis.

## IV.

## RECOMMENDATIONS

Based on the foregoing, it is HEREBY RECOMMENDED that:

1. For screening purposes only, this action proceed against Defendants Robles and Hernandez for excessive force; and

2. All other claims and Defendants be dismissed from the action for failure to state a cognizable claim for relief.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within **fourteen (14) days** after being served with these Findings and Recommendations, the parties may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The parties are advised that failure to file objections within the specified time

may result in the waiver of rights on appeal. <u>Wilkerson v. Wheeler</u>, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing <u>Baxter v. Sullivan</u>, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **November 29, 2017**

UNITED STATES MAGISTRATE JUDGE